IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEJEAN CONSTRUCTION COMPANY, INC.,<br><br>*Defendant* | Case No. 24-cv-3669-ABA |

**MEMORANDUM OPINION**

Plaintiffs, International Painters and Allied Trades Industry Pension Fund ("the Fund") and Daniel R. Williams as a fiduciary of the Fund, filed suit against Defendant DeJean Construction Company, Inc. pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for the collection of withdrawal liability and additional statutory damages including interest, liquidated damages, and attorneys' fees and costs after Defendant completely withdrew from the Fund and failed to pay its withdrawal liability. ECF No. 1 ¶¶ 8–10. Defendant did not enter an appearance, respond to the complaint, or challenge the Clerk of Court's entry of default, which occurred on March 20, 2025. ECF No. 6. Thereafter, Plaintiffs filed the pending motion for default judgment. ECF No. 8. Defendant also did not respond to the motion for default judgment. For the following reasons, the Court will grant the motion.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If, after entry of default, the plaintiff's complaint does not specify a "sum certain" amount of damages, the court may

enter a default judgment against the defendant. Fed. R. Civ. P. 55(b)(1)–(2). In considering a motion for default judgment, this Court accepts as true any well-pled factual allegations in the complaint regarding liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). Default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). After a plaintiff establishes liability, "the court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Id.* "While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum." *Id.* (citing *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010) (listing cases)).

Regarding liability, Plaintiffs allege that the Fund is a multiemployer pension plan governed by ERISA and that Defendant is a former contributing employer to the Fund. ECF No. 1 ¶¶ 4, 8–9. Plaintiffs allege that Defendant "was obligated to report and submit contributions to the Fund for work performed by its employees," that Defendant failed to do so and "completely withdrew from the Fund within the meaning of 29 U.S.C. § 1383(a) during the 2019 plan year," and that, therefore, Defendant owed withdraw liability of $90,967, which it did not pay. *Id.* ¶¶ 9–11. Plaintiffs sent two demand letters to Defendant but received no responses. *Id.* ¶¶ 11–18. Plaintiffs allege that "[b]ecause of the failure to cure and make payment" Defendant "is in 'default' under 29 U.S.C. §

1399(c)(5). *Id.* ¶ 21. Accepting these well-pled allegations as true, Plaintiffs have established liability.

Regarding damages, in addition to the principal withdrawal liability owed, Plaintiffs are entitled to interest, liquidated damages, and attorneys' fees and costs. *See* 29 U.S.C. § 1132(g)(2); *Int'l Painters*, 919 F. Supp. 2d at 686. Under the Fund's rules, until October 3, 2024, interest was calculated at the default rate provided in 29 U.S.C. § 1132(g)(2). ECF Nos. 8-5 § 11.29; 8-6 ¶ 6. The Fund's trustees have since amended the trust agreement to adopt a flat interest rate of 4% per annum as of October 4, 2024. ECF No. 8-6 ¶ 7. Total interest through June 18, 2025, equals $3,355.64 and has continued to accrue at $9.96 per day. *Id.* ¶¶ 9—11. Plaintiffs are also entitled to liquidated damages in "an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A)." 29 U.S.C. § 1132(g)(2)(C). Here, the plan expressly provides for "[l]iquidated damages equal to the greater of: (A) The amount of interest charged on the unpaid balance, or (B) Twenty percent of the unpaid amount awarded." ECF No. 8-5 § 11.29(a)(3). Thus, Plaintiffs are entitled under 29 U.S.C. § 1132(g)(2)(C) and under the terms of the plan to liquidated damages of $18,193.40 (20% x $90,967).

Attorneys' fees are calculated using the lodestar method, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In deciding whether the number of hours spent and the rate are reasonable, courts consider these twelve factors:

3

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)).

The Fund's counsel has established that their paralegal spent 2.3 hours at $200 per hour and 6.5 hours at $210 per hour, and counsel spent 1.1 hours at $240 per hour, for a total of 9.9 hours and a fee of $2,089. ECF No. 8-7 ¶ 12. Plaintiffs also seek $588.65 in costs, which includes the fees to file and serve the complaint. *Id.* ¶ 17. Considering the factors listed above and the documentation provided by Plaintiffs, the Court concludes that the time spent and the rates applied are reasonable. The rates for counsel are within the range provided in the "Guidelines Regarding Hourly Rates" in Appendix B of the Local Rules. The rates for the paralegal work sought here are slightly higher than those listed in Appendix B, but the Court notes that Appendix B has not been updated in some time (but is in the process of being updated[1]) and the paralegal in question has over twenty years of experience. *See Id.* ¶ 14. The Court has also reviewed counsel's billable hour reports and finds that the hours expended on this case were reasonable for the tasks listed therein. ECF No. 8-7 at 6—12.

---

[1] *See* https://www.mdd.uscourts.gov/sites/mdd/files/LocalRulesNoticePublic2025Supp.pdf.

As a result, the Court will grant Plaintiffs' motion for default judgment and award them the following amounts, with additional interest accruing from June 18, 2025 through the date of this memorandum:

| | |
|---|---|
| Withdrawal Liability | $90,967.00 |
| Interest from August 26, 2024 through June 18, 2025 | $3,355.64 |
| Liquidated Damages | $18,193.40 |
| Attorneys' Fees | $2,089.00 |
| Costs | $558.65 |
| **TOTAL** | **$115,163.69** |

A separate order follows.

Date: October 22, 2025

_____/s/_____
Adam B. Abelson
United States District Judge